UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

JS-6

| Case No. | CV 10-7730 CAS (JCx) | Date | November 16, 2010 |
|---|---|---|---|
| Title | JOANNE WERTZ V. BEDROS BALTAKIAN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      **(In Chambers): ORDER DISCHARGING ORDER TO SHOW CAUSE AND REMANDING TO LOS ANGELES SUPERIOR COURT**

On June 30, 2010, Joanne Wertz filed an unlawful detainer action against Bedros Baltakian and Seta Baltakian in Los Angeles County Superior Court. Defendants demurrered to the complaint, which demurrer was sustained. A first amended complaint was filed August 9, 2010, clearly referring to defendants as former owners. Defendants again demurrered on August 16, 2010. On October 15, 2010, defendants removed the action. On October 19, 2010, for jurisdictional and procedural reasons, this Court ordered defendant to show cause why this case should not be remanded to the Los Angeles Superior Court. Response to the order to show cause was required no later than November 2, 2010. Defendant has not responded to the order to show cause.

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Civil actions brought in a state court generally may be removed to a federal district court when the district court has original jurisdiction that arises under the laws of the United States. 28 U.S.C. § 1441(b) (2006). When jurisdiction for the removed case is founded on any basis other than federal question, removal is allowed only when none of the defendants in interest are citizens of the State in which such action was brought. Id. Additionally, 28 U.S.C. § 1446(b) requires notice of removal to be filed within thirty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV 10-7730 CAS (JCx) | Date | November 16, 2010 |
|---|---|---|---|
| Title | JOANNE WERTZ V. BEDROS BALTAKIAN ET AL. | | |

days (30) of receipt, by the defendant, of the initial pleading setting forth the claim for relief.

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003); <u>see</u> 28 U.S.C. § 1332(a)(1) ("[T]he district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).

Here, defendants have not alleged the citizenship of plaintiff. Thus, the court cannot determine if there is complete diversity. However, because it appears that defendants are citizens of California, to the extent that complete diversity may exist, removal would not be proper under 28 U.S.C. § 1441(b).

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. <u>Franchise Tax Bd. v. Constr. Laborers Trust</u>, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." <u>Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd.</u>, 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." <u>Lippit v. Raymond James Fin. Servs., Inc.</u>, 340 F.3d 1033, 1041 (9th Cir. 2003). Furthermore, a defendant's defenses under various federal statutes do not provide a basis for federal jurisdiction.[1] <u>See</u> <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149, 152 (1908) ("It

---

[1] Here, defendants state that they intend to challenge the purported sale of the property as in violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. <u>See</u> Notice of Removal 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 10-7730 CAS (JCx) | Date | November 16, 2010 |
|----------|----------------------|------|-------------------|
| Title | JOANNE WERTZ V. BEDROS BALTAKIAN ET AL. | | |

is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States."); <u>Vaden v. Discovery Bank</u>, --- U.S. ---, 129 S. Ct. 1262, 1273, 173 L. Ed. 2d 206 (2009) ("Under our precedent construing § 1331, . . . counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."). Moreover, defendant's assertion of a counterclaim based on federal law does not provide for "arising jurisdiction." <u>See</u> <u>Holmes Group, Inc. v. Vornado Circulation Sys.</u>, 535 U.S. 826, 831 (2002).

Defendants make reference to a bankruptcy proceeding of one Jose Zurita, an unnamed party in this action, in both demurrers. The Court is unable to determine the connection between the bankruptcy proceeding (LA 10-25399-AA) and the instant unlawful detainer action concerning the property in question.

Because the complaint does not allege any claims arising under federal law, and because defendants' defenses are insufficient to find that federal question jurisdiction exists, there is no basis for finding jurisdiction based on a federal question.

Furthermore, defendants' removal is untimely. While it is unclear when defendants were served with the complaint, defendants surely knew of the proceeding by at least July 2, 2010, when defendants' first demurrer was filed. Thus, more than thirty days passed before defendants removed the action to this Court.

For the reasons set forth above, the Court finds that it lacks jurisdiction over this case. Without a response from defendants, the Court sees no other reason to exercise jurisdiction. Accordingly, the Court REMANDS the instant action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                              **JS-6**

| Case No. | CV 10-7730 CAS (JCx) | Date | November 16, 2010 |
|----------|----------------------|------|-------------------|
| Title | JOANNE WERTZ V. BEDROS BALTAKIAN ET AL. | | |